[Civ. No. 4207. Third Appellate District.—November 12, 1930.]

J. COWAN, Respondent, v. HARRY HERMAN et al., Appellants.

William A. Spill for Appellants.

D. M. Potter and A. J. Getz for Respondent.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This is an action to foreclose a contractor's lien for an amount alleged to be due the plaintiff for moving and remodeling a building belonging to the defendants Harry and Esther Herman. The defendant Security Trust and Savings Bank was made a defendant on the ground that it held a mortgage on the property, subject and subordinate to the plaintiff's lien. Judgment was entered in favor of the plaintiff and the Hermans have appealed.

The complaint alleges and the appellants' answer admits the execution of a contract for the doing of the work for the price of $1920. The complaint alleges that the plaintiff did extra work of the reasonable value of $251. The answer admits that there is due the plaintiff for extra work the sum of $14. ██ The complaint alleges that the work was completed on the fourteenth day of August, 1926, and that the plaintiff duly filed his claim of lien on August 18, 1926. The answer denies that the contract was fully performed or completed by the plaintiff, specifying certain particulars in which appellants claim the work was incomplete and defective. The court found in favor of the plaintiff for the amount of the contract price and the admitted sum of $14 for extras. The evidence is conflicting as to whether the work was completed in accordance with the terms of the contract and therefore the court's finding on that issue is conclusive.

██ Appellants contend that "respondent's claim of lien was premature", because filed under ten days after the completion of the work. Under the provisions of section 1187 of the Code of Civil Procedure, such a claim may be filed by a contractor at any time "within sixty days after the completion of his contract".

██ Appellants contend that they are entitled to credit for $175 claimed by them to have been paid on the contract price and $85 for a suit of clothes made by defendant Harry Herman for the plaintiff. There is testimony to the effect that the $175 mentioned was paid for extra work and that the suit of clothes was not accepted because unsatisfactory. Under such circumstances it cannot be held, as a matter of law, that the appellants are entitled to the credits claimed.

██ Appellants contend that the court erred in refusing them permission to file an amended answer. The complaint was filed August 20, 1926. The appellants' answer was filed August 30, 1926. The case came on for trial on December 2, 1927. On that day the appellants were permitted to amend their answer. The application to file an amended answer was made on December 12, 1927, when the trial was practically completed, the testimony covering over 300 pages of the transcript on appeal. The proposed amended answer made but little change in the issues and it cannot be held, under the circumstances stated, that the trial court abused its discretion in denying the application.

The judgment is affirmed.